**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MICHAEL CANNON,  ) <br> an individual,  ) <br>  ) <br>     Plaintiff,  ) <br>  ) <br> v.  ) <br>  ) <br> THE BREAKERS, L.L.C.,  ) <br> a Delaware Limited Liability Company,  ) <br>  ) <br>     Defendant.  ) <br> _____/ | Case No: |

**COMPLAINT**

Plaintiff, MICHAEL CANNON, an individual, by and through his undersigned counsel, hereby files this Complaint and sues THE BREAKERS, L.L.C., a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, MICHAEL CANNON, (hereinafter referred to as "MR. CANNON") is a resident of the State of Delaware.

4. MR. CANNON is a qualified individual with a disability under the ADA. In July 2011, MR. CANNON suffered a severe injury to his spinal cord which resulted in trauma to his

C6 and C7 vertebrae. As a result, he is a quadriplegic and is paralyzed from the chest down. He also has limited dexterity in his hands.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.

6. The Defendant, THE BREAKERS, L.L.C., (hereinafter referred to as "DEFENDANT") is a Delaware Limited Liability Company registered to do business in Delaware. DEFENDANT is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action, to wit: The Breakers Hotel & Suites generally located at 105 2nd Street, Rehoboth Beach, Delaware 19971 ("the Property"). The Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the District of Delaware.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. The allegations set forth in the preceding paragraphs above are incorporated by reference as if fully set forth herein.

9. The Property, a hotel, is a place of public accommodation and is therefore subject to Title III of the ADA.

10. MR. CANNON and his family recently stayed at the Defendant's hotel as a guest earlier this month. He regularly travels to Rehoboth Beach for day and weekend trips approximately four to six times per year and intends to continue to visit the area in the future.

11. During his visit to the Defendant's Property, MR. CANNON experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12. MR. CANNON intends to and will visit the Defendant's Property as a patron on his future visits to the area once the barriers described herein are addressed. However, MR. CANNON still intends to visit the Defendant's Property as a disability tester to determine whether the barriers to access described herein have been addressed.

13. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.302 et seq. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to have accessible facilities by January 26, 1992. These barriers to access include, but are not limited to the following items which plaintiff personally observed and/or encountered at the Property:

  A. Plaintiff encountered an inaccessible main entrance to the Property from the street due to a slope which leads directly to the door and lack of a level landing. This required that MR. CANNON request that family members and/or bystanders assist him in opening the door.

  B. Plaintiff encountered and was not able to use the inaccessible common area restrooms throughout the Property due to limited clear floor space, improper flush handle placement on the wrong side of the toilets, high mirrors, lack of grab bars around the toilets and lack of knee and toe clearance under the sinks.

  C. The Property lacks any fully accessible guestrooms. Plaintiff's guestroom was not accessible due to a limited footprint, a narrow hallway and placement of large pieces of furniture which obstructed his ability to maneuver throughout the room and prevented him from transferring onto the bed to sleep.

Plaintiff was also unable to reach the blind or thermostat controls due to high placement.

  D. The restroom in the Plaintiff's guestroom was inaccessible and he was not able to use it independently due to limited clear floor space, a cabinet style sink without any knee or toe clearance, lack of any grab bars around the toilet and lack of any accessibility features in the shower such as a shower chair or grab bars. Plaintiff was also informed that the other guestrooms in the hotel also lack restrooms equipped with grab bars or wheelchair accessible showers.

  E. Plaintiff was not able to enter the pool area due to several steps without a ramp. Additionally, the pool did not have a lift to allow Plaintiff to get into the water safely had he been able to access the pool area. Due to these issues, Plaintiff was forced to watch his children play in the pool but could not join them.

  F. Plaintiff encountered an inaccessible self-service dining/breakfast area at the Property due to high counters which prevented him from getting drinks and/or condiments available at the counter without assistance.

  G. Plaintiff encountered an inaccessible check-in counter in the lobby of the Property due to excessive height. Additionally, while a small portion of the counter was at a lower height, it was still too high and too narrow and Plaintiff was not able to transact business there independently.

14. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Independent of his intent to return as a patron of the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against DEFENDANT and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANT to alter the facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and that the Court award such other and further relief as it deems necessary, just and proper.

E. That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Dated: March 19, 2019

Respectfully Submitted,

By: */s/ David T. Crumplar*
David T. Crumplar (#5876)
Jacobs & Crumplar, P.A.
*Of Counsel*
750 Shipyard Drive
Suite 200
Wilmington, DE 19801
Tel.: (302) 656-5445
Fax: (302) 656-5875
E-Mail:  davy@jcdelaw.com

-and-

Ku & Mussman, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (305) 891-4512